IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACY ANDERSON, )<br>)<br>Plaintiff )<br>vs. )<br>)<br>DUFRESNE SPENCER GROUP d/b/a )<br>ASHLEY HOMESTORES, LTD., )<br>)<br>Defendant ) | Cause No.: 1:21-cv-2028 |

PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Tracy Anderson, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Tracy Anderson (hereinafter referred to as "Ms. Anderson" or "Plaintiff"), is a resident of Hendricks County in the State of Indiana and a former employee of Defendant.

2. Defendant, Dufresne Spencer Group d/b/a Ashley HomeStores, Ltd. (hereinafter referred to as "Ashley HomeStores" or "Defendant"), is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Ms. Anderson filed a Charge of Discrimination (Charge 470-2020-02381) with the Equal Employment Opportunity Commission on or about April 19, 2020, *inter alia*, alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Ms. Anderson a 90-day Right to Sue letter on April 19, 2021.

5. Ms. Anderson invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a female who was employed as a Sales Associate for Defendant since June 26, 2016 and was promoted to Manager in Training one (1) year later.

8. On August 9, 2019, Plaintiff was promoted to Store Manager at the Defendant's Castleton Store and at all times met or exceeded Defendant's legitimate performance expectations.

9. In November 2019, Plaintiff received written discipline for failing to submit a report which her supervisor had admittedly not requested.

10. In January, four (4) male managers failed to submit the same report and the Plaintiff brought it to management's attention.

11. When the Defendant informed Plaintiff that the male managers would not be written up for failing to submit the report, Plaintiff complained that the decision was discriminatory and based on her sex.

12. In February, after complaining of discrimination, Plaintiff was demoted to Assistant Store Manager and moved to Defendant's Avon Store.

13. On or about March 13, 2020, Plaintiff complained to Defendant Chief Financial Officer that her demotion was the result of sex-based discrimination and retaliation.

14. On or about March 18, 2020, the Plaintiff was demoted yet again to a sales associate.

15. On or about March 23, 2020 Plaintiff was temporarily laid off due to Covid.

16. In or around June 2020, Plaintiff was called back and requested a week to make arrangements for child care.

17. Defendant told Plaintiff that would be okay, but then notified her three (3) days later that she was being terminated for job abandonment.

## Count I
## Title VII Sex

18. Plaintiff incorporates by reference Paragraphs one through seventeen (17) above.

19. Defendant discriminated against Ms. Anderson on the basis of her sex when it wrote her up for failing to submit a report that other male managers were not required to do, and when it demoted her on two separate occasions.

20. Male managers were treated more favorably than the Plaintiff in that they were not written up for failing to submit a report, nor were they demoted.

21. Ms. Anderson's sex was the motivating factor in Defendant's treatment of her, and her subsequent demotions/termination.

22. These actions violated Ms. Anderson's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

23. As a result of the foregoing, Ms. Anderson has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

24. As a result of Defendant's actions, Ms. Anderson has incurred attorney fees and costs.

25. Defendant's actions were done with malice or willful reckless disregard to Ms. Anderson's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory

damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Retaliation

26. Plaintiff Incorporates by reference Paragraphs one through twenty-five (25) above.

27. Ms. Anderson complained to her supervisor because he was treating male managers more favorably by issuing written discipline to her for failing to submit a report, while issuing no discipline to male managers who failed to submit the same report.

28. Ms. Anderson complained that Defendant's actions were discriminatory and based on her sex, and as a result was demoted to an assistant store manager and moved.

29. Ms. Anderson complained yet again that Defendant's decision to demote her was discriminatory and based on her sex, and Defendant demoted her yet again to a sales associate.

30. Defendant again retaliated against Plaintiff in June when it refused to allow her to return to work from a Covid-related layoff.

31. Defendant retaliated against Ms. Anderson on three occasions for her complaints of sex-based discrimination by demoting her and then terminating her employment.

32. As a result of the foregoing, Ms. Anderson has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

33. As a result of Defendant's actions, Ms. Anderson has incurred attorney fees and costs.

34. Defendant's actions were done with malice or willful reckless disregard to Ms. Anderson's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory

damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road, Suite B
Greenwood, IN  46142
(317) 885-0041;
(888) 308-6503 Fax